UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN LITTLE,<br><br>    Plaintiff,<br><br>v.<br><br>SERGEANT JOHN DOE, et al.,<br><br>    Defendants. | Case No. C08-0371-JCC-JPD<br><br>ORDER OF DISMISSAL |

The Court, having reviewed the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Donohue (Dkt. No. 24), Plaintiff's Objections to the R&R (Dkt. No. 28), Defendants' Response to Plaintiff's Objections (Dkt. No. 29), and Plaintiff's Reply (Dkt. No. 32), as well as the governing law and balance of the record, does hereby find and ORDER as follows.

Judge Donohue recommended that Plaintiff's civil rights complaint be dismissed without prejudice based on the following: Despite an August 4, 2008, extension of time to respond to Defendant Thompson's motion to dismiss, Plaintiff never filed a response to that motion. In addition, Plaintiff never responded to Defendant John Doe's motion to dismiss, which was filed on August 14, 2008. Further, Plaintiff failed to provide the Court with a

ORDER OF DISMISSAL
PAGE - 1

current address for over ninety days, and the Court's attempt to communicate with Plaintiff by mail was returned by the Post Office as undeliverable.

The Local Rules provide that:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Local Rules W.D. Wash. CR 41(b)(2). The Court is not inclined to make an exception to this rule for Plaintiff, given his extensive litigation history, which displays a pattern of failing to follow court rules and filing frivolous lawsuits. *See, e.g.*, *Little v. Pendry*, No. C07-1341-BHS (dismissing Plaintiff's claims and assessing a strike under 28 U.S.C. § 1915(g)); *Little v. Oster*, No. C07-1317-BHS (same); *Little v. Oster*, No. C08-0101-RAJ (same). Although Plaintiff's alleged homelessness after being released from jail may have resulted in an inability to keep a current address on file with the Court, it was still Plaintiff's responsibility to maintain timely communication with the Court and to apprise himself of pending deadlines. To this day, Plaintiff still has not responded to the motions to dismiss. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal[.]" *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991) (*quoting Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

Therefore, the Court ORDERS that:

(1) The Court adopts the Report and Recommendation.

(2) Plaintiff's § 1983 complaint (Dkt. No. 7) and this action are DISMISSED without prejudice.

//

//

(3) The Clerk is directed to send copies of this Order to the parties and to Judge Donohue.

DATED this 22nd day of December, 2008.

_____
JOHN C. COUGHENOUR
United States District Judge

ORDER OF DISMISSAL
PAGE - 3